UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCECOMPANY, a Massachusetts corporation,<br><br>                Plaintiff,<br><br>v.<br><br>ASHLEY JO BEACH, an individual; and JOHN DOE and JANE DOE, as the natural parents of JACK DOE, an individual under the age of 18 years,<br><br>                Defendants. | Case No. 1:12-cv-00263-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Liberty Mutual Fire Insurance Company filed this declaratory judgment action on May 24, 2012, against its insured, Ashley Beach; the parents of Jack Doe; and Jack Doe, a minor, seeking a coverage determination under a homeowner's policy. The coverage litigation arises out of a lawsuit filed by the Does against Beach, Jack Doe's teacher, who had an inappropriate sexual relationship with Jack Doe. The lawsuit against

MEMORANDUM DECISION AND ORDER - 1

Beach was filed on February 22, 2012, in Ada County District Court for the State of Idaho. Beach was prosecuted later for lewd conduct with a minor under sixteen, and is incarcerated. Liberty has tendered a defense for its insured, but concurrently seeks a declaration from this Court that the homeowner's policy excludes coverage for the conduct that occurred.

On July 11, 2012, the Doe Defendants filed a motion to dismiss or, in the alternative, to stay these proceedings. (Dkt. 8.) They seek dismissal under Fed. R. Civ. P. 12(b)(1) on the grounds Liberty has not met its burden of pleading the minimum amount in controversy necessary to establish diversity jurisdiction. Alternatively, the Doe Defendants contend the Court should abstain from hearing this matter until (1) Defendant Beach is released from prison and can defend herself; or (2) the state court litigation is resolved; or both. In addition, the Doe Defendants contend that the state court can better interpret the insurance contract at issue. Liberty opposes the motion, contending that it has met the pleading requirements considering its potential exposure could exceed $75,000. Liberty argues that the Does will represent Beach's interests in this matter, and that the state court litigation is not duplicative or determinative of the declaratory judgment it seeks regarding its duty to defend or indemnify.

The Court conducted a hearing on the motion on August 7, 2012, at which the parties, with the exception of Beach, appeared and presented oral argument. Later, default was entered against Beach, and the parties who had appeared consented to the presiding judge to issue final orders in this matter. (Dkt. 23.) Upon careful consideration of the

**MEMORANDUM DECISION AND ORDER - 2**

parties' arguments, memoranda and pleadings, the Court finds that the motion to dismiss should be granted.

## BACKGROUND

Beach is an insured under a homeowner's insurance policy issued by Liberty. According to the state court complaint filed against Beach by the Doe Defendants on February 22, 2012, Beach was Jack Doe's teacher. Jack Doe was fourteen at the time Beach engaged in an inappropriate sexual relationship with Jack Doe. Beach was convicted on December 30, 2009, for lewd conduct with a minor under sixteen. She is currently incarcerated, and is serving a sentence of twenty years, with four years fixed and sixteen years indeterminate. (Compl. Attach. 2, Dkt. 1-2.) The Doe Defendants' lawsuit against Beach seeks unspecified damages for negligent infliction of emotional distress and "outrageous conduct." Liberty has tendered a defense on behalf of its insured under a reservation of rights, but is not a party to the state court lawsuit.

On May 24, 2012, Liberty filed this complaint against Beach and the Doe Defendants seeking a declaratory judgment that it has neither a duty to defend nor indemnify on the basis of a policy exclusion for bodily injury or property damage "which is expected or intended by the insured." Liberty contends that the defense and indemnity of Beach in the underlying complaint will exceed $75,000, and therefore filed suit in federal court asserting diversity jurisdiction.

**MEMORANDUM DECISION AND ORDER - 3**

ANALYSIS

1.      **Amount in Controversy**

The Doe Defendants contend that Liberty's mere assertion that the defense and indemnity of Beach in the state court litigation will exceed $75,000 is insufficient to meet its burden to establish the amount of controversy under 28 U.S.C. § 1332.  The Defendants make two additional arguments: (1) that the state complaint makes no specific claim for monetary damages, which could be zero and for which Liberty may not be liable; and (2) that attorney fees cannot be included in the jurisdictional amount.

Liberty contends Defendants' arguments are without merit because valuation of the amount at issue is complex, and it therefore is not a "legal certainty" that the amount in controversy is less than $75,000. That Defendants have not pled a specific amount is of no moment, Liberty claims, because Liberty could potentially be liable for up to the policy limits of $300,000. And, Liberty argues the anticipated costs of defense are a proper subject for consideration in this declaratory judgment action.

The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court. *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). The parties do not contest diversity of citizenship, only whether the minimum amount in controversy required to maintain a diversity suit in federal court is present. Because Liberty asserts diversity jurisdiction, it bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds

$75,000. *In re Ford Motor Co.*, 264 F.3d at 957. To justify dismissal, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, (1938). A claim in excess of the requisite amount, made in good faith in the complaint, satisfies the jurisdictional requirement. *Id*. at 288. Events occurring after the filing of the complaint that reduce the amount recoverable below the requisite amount do not oust the court from jurisdiction. *Id*. at 293.

In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 346 (1977). Here, the object is the amount of damages sustained by Doe Defendants as a result of Beach's alleged negligent conduct. Liberty contends that, under Idaho Code § 6-1503, negligent infliction of emotional distress is a non-economic damage claim for which up to $313,567.36 per claimant may be awarded. Simply because the Doe Defendants have not pled an amount certain does not mean that the amount in controversy requirement is not met, considering a high award is possible.[1] Further, it is not improper to include both the probable costs of defense and indemnification of the underlying litigation when determining the amount in controversy. *Scottsdale Ins. Co. v. Univ. Crop Protection Alliance, LLC*, 620 F.3d 926, 932 (8th Cir. 2010).

---

[1] Further, pleadings in state court are not required to set forth an amount in controversy, only whether the jurisdictional limits are met. *See* Idaho Code § 10-111.

**MEMORANDUM DECISION AND ORDER - 5**

Under the facts alleged, and taking into account both the anticipated defense costs together with the potential for indemnification, it does not appear to a legal certainty that Liberty's defense and indemnity involves a sum less than $75,000.

## 2.    **Abstain or Stay**

Doe Defendants argue that this declaratory judgment action should, in the alternative, be stayed or the Court should abstain pending resolution of the underlying action against Beach. Defendants argue that the Declaratory Judgment Act, 28 U.S.C. § 2201(a), grants permissive authority to declare the rights and legal relations of interested parties in a declaratory judgment action, and the Court should exercise its discretion in favor of staying this action until the underlying state court case is resolved. Doe Defendants assert that the underlying facts require development in the state law action and involve state law issues; Liberty's decision to file so quickly in federal court amounts to forum shopping in a reactive lawsuit; and the factual issues are the same, presenting a risk of duplicative and inconsistent outcomes. Liberty disagrees, contending that under Idaho law, it must file this declaratory judgment action and determine whether the exclusion applies. Liberty argues that the issues presented are not the same in the two lawsuits, and forum shopping is not an issue because Liberty is not a party to the underlying state court lawsuit.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court has discretion whether to entertain a suit brought solely to declare the rights of the parties. *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 273 (1952.) The United States Court of Appeals for

the Ninth Circuit instructs the Court to consider the following factors in exercising its jurisdiction, including whether retaining jurisdiction would:

> (1) involve the needless determination of state law issues; (2) encourage the filing of declaratory actions as a means of forum shopping; (3) risk duplicative litigation; (4) resolve all aspects of the controversy in a single proceeding; (5) serve a useful purpose in clarifying the legal relations at issue; (6) permit one party to obtain an unjust res judicata advantage; (7) risk entangling federal and state court systems; or (8) jeopardize the convenience of the parties.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011). The first three factors "remain the philosophic touchstone" of the analysis. *R.R. Street & Co., Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

In *Am. Economy Ins. Co. v. Williams*, 805 F.Supp.859 (D. Idaho 1992), District Judge Ryan examined a number of decisions relating to the question of whether a federal district court should entertain a declaratory judgment action brought by an insurance company while there is a related dispute between its insured and a third party, or its insured and the insurance company, pending in state court. Judge Ryan commented that, in *Ticor Title Insurance Co. v. American Resources, Ltd.*, 859 F.2d 772 (9th Cir.1988), the Ninth Circuit Court of Appeals stated that where the underlying state action has not yet determined whether and to what extent the insured is liable to the third party, there is no actual controversy concerning the insurance company's duty to indemnify the insured. *Id*. at 777 n. 7. The Court noted that "[i]n such instances, courts normally dismiss declaratory judgment actions, especially where the federal relief sought may hinge upon

the outcome of state court actions." *Id*. (citations omitted), *cited in Am. Economy Ins. Co. v. Williams*, 805 F.Supp. at 865.

In *American Economy*, Judge Ryan decided the action should be dismissed in light of the underlying state court action because five of the eight *Ticor* factors favored dismissal. In addition, Judge Ryan decided the insurance company had an adequate state remedy, because it could "file a separate action for declaratory relief in the state court presiding over the other suit. In addition, after hearing a full account of the facts surrounding this dispute, the state court will be in a far superior position to resolve the important legal issues relating to coverage, which will turn on the proper application of Idaho insurance law to those facts." *Am. Economy Ins. Co.*, 805 F.Supp. at 866. In reviewing the complaint in that case, the Court determined that "none of the key legal issues can be decided until a full factual record is developed, and the disputed questions of fact are resolved." *Am. Economy Ins. Co*., 805 F.Supp. at 864. The Court therefore determined that the insurance company's proper course of action would be to file a separate action for declaratory relief in the state court presiding over the dispute.

The *American Economy* decision relies heavily upon Idaho law distinguishing the difference between an insurer's duty to defend versus its duty to indemnify. Idaho law establishes that the duty of an insurer to defend is a broader obligation than its duty to pay for damages, and the insurer "must defend a suit against the insured where the complaint alleges facts which, if true, would bring the case within the policy coverage." *Hirst v. St. Paul Fire & Marine Ins. Co.*, 106 Idaho 792, 683 P.2d 440, 445, 446 (Idaho

**MEMORANDUM DECISION AND ORDER - 8**

Ct.App.1984). An insurer "is not allowed to 'guess wrong' when it determines the potential for coverage under a policy." *Deluna v. State Farm Fire and Cas. Co.*, 149 Idaho 81, 233 P.3d 12, 16 (2008).

When there is doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer "must defend, and its defense obligations will continue until such time as the claim against the insured is confined to a recovery that the policy does not cover." *Hirst*, 683 P.2d at 445-46. The duty to defend therefore continues until a coverage determination is made. *Kootenai County v. Western Cas. & Sur.*, 113 Idaho 908, 750 P.2d 87, 89-90 (1988); *see also Hartman v. United Heritage Prop. & Cas. Co.*, 141 Idaho 193, 108 P.3d 340, 346 (2005) (noting the court's prior holding that if there is a question whether the insurance company has a duty to defend or to indemnify, the proper course of action is to file a declaratory judgment action prior to the resolution of the underlying lawsuit). Should an insurer wrongfully refuse to defend, the measure of damages against it is the insured's reasonable costs and attorney fees incurred by the insured in the defense of the underlying claim. *Hirst*, 683 P.2d at 447.

The duty to indemnify, however, is a separate duty, which is triggered "only where an insurance company would be obligated to pay the underlying action regardless of how it fulfilled its duty to defend." *Deluna*, 233 P.3d at 16.

This Court in *State of Idaho v. Bunker Hill Co.*, 647 F.Supp. 1064 (D. Idaho 1986), examined the difference between an insurer's duty to defend and indemnify under Idaho state law. The Court explained that, once the insurer concludes it owes its insured a

**MEMORANDUM DECISION AND ORDER - 9**

duty to defend, the duty to defend and pay defense costs continues until such time as the insurer can show that the claim against the insured cannot be said to fall within the policy's scope of coverage. 647 F.Supp. at 1068. If "coverage (indemnification) depends upon the existence or nonexistence of facts outside of the complaint that have yet to be determined, the insurer must provide a defense until such time as those facts are determined, and the claim is narrowed to one patently outside the coverage." *Bunker Hill Co.*, 647 F.Supp. at 1068 (citing *C. Raymond Davis & Sons, Inc. v. Liberty Mutual Insurance Co.*, 467 F.Supp. 17, 19 (E.D.Pa.1979). *See also Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 894 (9th Cir. 2003) (Ferguson, J., dissenting) (noting that the unlike the duty to defend, a declaratory judgment action on the duty to indemnify is not a "justiciable and ripe controversy" until liability is established and therefore "dismissal of the complaint without prejudice is the correct disposition of the action."); *Huntsman Advanced Materials, LLC v. OneBeacon Am. Ins. Co.*, No. 1:08-cv-00229-BLW, 2012 WL 480011 *3 (D. Idaho Feb. 13, 2012) ("Although an insured must prove that the damages for which it seeks indemnification are covered by the policy, it does not need to prove coverage to invoke the insurer's duty to defend.").

      In the instant case, the complaint in state court is for negligence, and Liberty has undertaken to defend Beach subject to a reservation of rights. Although the state court action is in its early stages, Liberty argues that the Court may undertake a coverage determination by reviewing the insurance policy and the facts in the state court complaint. However, liability for the claim has not been adjudicated, and will depend

**MEMORANDUM DECISION AND ORDER - 10**

upon the facts developed in the underlying state court action. The conduct alleged in the state court complaint occurred over many months, at different locations, and at different times during the day, which necessarily involve in depth factual determinations which must be resolved before the question relating to insurance coverage can be decided. These identical factual issues will need to be addressed in the action against Beach in state court. Thus, for this Court to entertain this declaratory judgment action, it will need to determine the same factual issues to be adjudicated in state court.

While it is true that the federal declaratory judgment action before the Court does not parallel precisely the state court action, both matters arise from the same facts to the extent those facts underlie the different legal issues presented. In other words, the ultimate legal determination in each case will depend upon the same set of facts. None of the key legal issues regarding Liberty's duties—either its duty to defend or indemnify—can be determined until a full factual record is developed and disputed questions of fact resolved. Further, Liberty has assumed its duty to defend, albeit subject to a reservation of rights, and is obligated to provide a defense until a coverage determination is rendered.

After carefully considering all of the factors set forth in *Ticor* and explored in *American Economy*, the Court finds that this action should be dismissed in light of the underlying state court action between the Doe Defendants and Beach. As in *American Economy*, this Court finds that, if this action proceeds further, it will result in (1) inefficient and duplicative use of scarce judicial resources; (2) piecemeal litigation; (3) unnecessary interference with state proceedings and unnecessary declarations of state

**MEMORANDUM DECISION AND ORDER - 11**

law; (4) potentially conflicting judicial pronouncements; and (5) unfair prejudice to Beach, in that she would be litigating many of the same issues in both actions, while relying upon the Doe Defendants to represent her interests in this action.[2]

## CONCLUSION

The Court therefore concludes that Defendants' motion to dismiss should be granted. Liberty is not without a remedy, as it may file a separate action for declaratory relief in the state court presiding over the dispute between Beach and the Doe Defendants. *See* Idaho Code § 10-1201 (authorizing declaratory judgments). The state court will be in a better position to resolve the legal issues relating to coverage once it obtains all of the necessary facts surrounding this dispute, and can then apply Idaho insurance law to those facts. As a result of the Court's determination, it is unnecessary to decide the Doe Defendants' alternative argument that it should stay this matter.

---

[2] The Court notes that Liberty is assuming the defense of its insured in the state court action, while in this matter, Beach is representing herself and a Clerk's Entry of Default has been entered because of her failure to appear. (Dkt. 21.)

**MEMORANDUM DECISION AND ORDER - 12**

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss (Dkt. 8) is **GRANTED IN PART AND DENIED IN PART**. With respect to the request that this action be dismissed, the Motion is granted, and this action is hereby **dismissed without prejudice**. With respect to the request that this action be stayed, the motion is denied as moot.

Dated: **November 01, 2012**

Honorable Candy W. Dale
United States Magistrate Judge